UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER GREEN,

    Defendant.

_____/

Case No. 07-20411

HON. GEORGE CARAM STEEH

OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SUPPLEMENT (DOC. 318) AND DENYING DEFENDANT'S MOTIONS TO VACATE SENTENCE (DOCS. 305, 307)

Defendant Christopher Green filed motions to vacate his sentence pursuant to 28 U.S.C. § 2255 and subsequently filed a motion to supplement or amend his § 2255 motions. The government has submitted a combined response. For the reasons explained below, Defendant's motion to supplement is granted and his motions to vacate are denied.

BACKGROUND FACTS

Defendant pleaded guilty to a charge of conspiracy to distribute cocaine. Based upon his criminal history, Defendant was determined to be a career offender under Section 4B1.1 of the Sentencing Guidelines. Section 4B1.1(a) provides that a defendant is a "career offender" if he has "at least two prior felony convictions of either a crime of violence or a

controlled substance offense." U.S.S.G. § 4B1.1.  *See also* U.S.S.G. § 4B1.2(a) (defining "crime of violence"), § 4B1.2(b) (defining "controlled substance offense").  The predicate offenses qualifying Defendant as a career offender included a 1998 conviction for felonious assault with a dangerous weapon and three convictions in 2004 for the delivery of cocaine and marijuana.

The court sentenced Defendant to 230 months of imprisonment on November 24, 2008.  The Sixth Circuit affirmed Defendant's conviction and sentence on November 12, 2009.  Defendant filed his initial motion to vacate on June 23, 2016, alleging that he was entitled to relief under *Johnson v. United States*, 135 S.Ct. 2251 (2015).[1]  On April 3, 2017, Defendant filed a motion for leave to amend his petition to add a claim for relief based on *Mathis v. United States*, 136 S.Ct. 2243 (2016).  The court considers both grounds for relief below.

## LAW AND ANALYSIS

Defendant contends that the court should vacate his sentence for two primary reasons.  First, Defendant argues that his Michigan conviction for felonious assault cannot be used as a predicate offense for purposes of his career offender status, because under *Johnson*, it no longer qualifies as a

---

[1] Defendant alleges that his petition is timely pursuant to 28 U.S.C. § 2255(f)(3); the government does not contest this contention.

"crime of violence" under Section 4B1.2 of the Sentencing Guidelines. Second, Defendant contends that, under *Mathis*, his Michigan drug delivery conviction also no longer qualifies as a career offender predicate offense.

Neither ground provides Defendant relief. The Sixth Circuit has held that a non-constitutional challenge to a career offender designation is not cognizable under § 2255. *Snider v. United States*, 908 F.3d 183 (6th Cir. 2018) ("We note that, although not without dissent, every other court of appeals to have looked at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations."). In addition, *Mathis* did not announce a new rule that is retroactive on collateral review and thus cannot serve as a basis for habeas relief. *In re Conzelman*, 872 F.3d 375, 377 (6th Cir. 2017).

To the extent Defendant raises a constitutional challenge to the Sentencing Guidelines based upon *Johnson*, his claim is without merit. *Johnson* held that the residual clause defining a "crime of violence" in the Armed Career Criminal Act was unconstitutionally vague. Defendant argues that the identically worded residual clause defining "crime of violence" in the career offender guideline (Section 4B1.2(a)(2)) is unconstitutional under the reasoning of *Johnson*.[2] The Supreme Court has

---

[2] Section 4B1.2(a)(2) was amended in 2016 to remove the residual clause.

rejected this argument, however, finding that the Sentencing Guidelines are advisory and not subject to a vagueness challenge. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017) ("We hold that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness.").

In addition, recent Sixth Circuit precedent applying *Johnson* and *Mathis* forecloses both of Defendant's arguments. In *United States v. Harris*, 853 F.3d 318, 322 (6th Cir. 2017), the court held that a conviction for felonious assault under Michigan law qualifies as a crime of violence under Section 4B1.2(a) of the Sentencing Guidelines. The court rejected the defendant's argument that, based on *Johnson*, a Michigan felonious assault conviction could no longer qualify as a crime of violence. *Id.* (the defendant's "two convictions for Michigan felonious assault amount to crimes of violence under the Guidelines"). Under *Harris,* Defendant's Michigan felonious assault conviction was properly considered as a predicate offense under Section 4B1.2(a).

Defendant's Michigan drug convictions likewise qualify as controlled substance offenses under Section 4B1.2(b). *United States v. House*, 872 F.3d 748, 753-54 (6th Cir. 2017) (citing *Mathis*, 136 S.Ct. 2248-49). In

*House*, the Sixth Circuit held that convictions under Michigan's controlled-substance statute, M.C.L. § 333.7401, may serve as predicate offenses for purposes of career offender status under Section 4B1.1. *Id.* Consistent with the *House* decision, Defendant's three drug delivery convictions are predicate offenses under Section 4B1.2(b). Accordingly, because Defendant had at least two previous convictions for crimes of violence and controlled substance offenses, he was correctly categorized as a career offender pursuant to Section 4B1.1.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to supplement or amend (Doc. 318) is GRANTED.

IT IS FURTHER ORDERED that Defendant's motions to vacate pursuant to 28 U.S.C. § 2255 (Docs. 305, 307) are DENIED.

The court declines to issue a certificate of appealability, because Defendant has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

Dated: February 20, 2019

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 20, 2019, by electronic and/or ordinary mail and also on Christopher Dale Green #42181039, FCI McKean, Federal Correctional Institution, P. O. Box 8000, Bradford, PA 16701.

s/Barbara Radke
Deputy Clerk