UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CHRISTOPHER GREEN,

    Defendant.

_____/

Case No. 07-20411

Hon. George Caram Steeh

ORDER DENYING REQUEST
FOR APPOINTMENT OF COUNSEL

    The court has received a request from Christopher Green for compassionate release, primarily based upon the COVID-19 pandemic, and for the appointment of counsel. The government has responded to Green's request for compassionate release. Green urges the court to appoint counsel for him so that he may reply to the government and present his case.

    The appointment of counsel for postconviction proceedings is a matter of the court's discretion, not a constitutional right. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lemeshko v. Wrona*, 325 F. Supp.2d 778, 787 (E.D. Mich. 2004) (court may appoint counsel for habeas petitioner "only where the interests of justice or due process so require"); *United*

States v. Prater, 2020 WL 2616120, at *2 (E.D. Ky. May 22, 2020) ("There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582."). When a petitioner has not articulated a colorable claim, the appointment of counsel would not serve the interests of justice. *Lemeshko*, 325 F. Supp.2d at 788.

Based upon the record presented thus far, it does not appear that Green has a colorable claim for compassionate release. In order to grant compassionate release, the court must find an "extraordinary and compelling" reason to do so, among other requirements. *See United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). Some courts have found that chronic, serious health conditions that increase the risk of severe complications from COVID-19 constitute extraordinary and compelling reasons for release. *See, e.g., United States v. Hargrove*, 2021 WL 509905, at *2 (E.D. Mich. Feb. 11, 2021) (heart failure, type 2 diabetes, and severe obesity, among other ailments). In this case, however, Green has already contracted COVID-19 and recovered. Such circumstances do not support compassionate release. *See United States v. Stephens*, 2020 WL 5769125, at *6 (E.D. Mich. Sept. 28, 2020) ("[M]any courts have held that where a defendant has contracted COVID-19 and recovered, his health condition is not extraordinary and compelling."). Prior to making a final determination on

the merits of his compassionate release motion, however, the court will accept further briefing and exhibits from Green.

IT IS HEREBY ORDERED that Green's request for the appointment of counsel (ECF Nos. 334, 335) is DENIED.

IT IS FURTHER ORDERED that Green may submit a reply brief and exhibits in support of his request for compassionate release by April 30, 2021.

Dated:  March 29, 2021

                                 s/George Caram Steeh
                                 GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 29, 2021, by electronic and/or ordinary mail and also on Christopher Green #42181039, McKean Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701.

s/B. Sauve
Deputy Clerk