UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER GREEN,

    Defendant.

_____/

Case No. 07-20411

Hon. George Caram Steeh

OPINION AND ORDER DENYING MOTION FOR
<u>COMPASSIONATE RELEASE (ECF NO. 331)</u>

    Defendant Christopher Green seeks compassionate release from prison, based primarily on health concerns amid the COVID-19 pandemic. For the reasons explained below, Green's motion is denied.

    In 2008, Green pleaded guilty to a charge of conspiracy to distribute cocaine. Based upon his criminal history, he was determined to be a career offender under Section 4B1.1 of the Sentencing Guidelines. The court sentenced him to 230 months in prison. Green is currently housed at McKean Federal Correctional Institution and his projected release date is February 13, 2028.

    On December 17, 2020, Green tested positive for COVID-19 after he was placed in a cell with a positive inmate. Green states that he lost his

-1-

senses of smell and taste and had chest pains. His ongoing health conditions include obesity and hypertension. According to the government, a medical check in late January 2021 indicated that Green recovered from COVID-19 without complication. Although Green reports continued trouble breathing and chest pains, a chest x-ray report dated May 3, 2021, indicated "clear" lungs and a "normal" size heart. ECF No. 340 at PageID 1900.[1] Green contends that his request for compassionate release is supported by his COVID-19 infection, his mother's poor health, and his efforts at rehabilitation.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although compassionate release motions were historically initiated only by the Bureau of Prisons, the First Step Act allows prisoners to file such motions on their own behalf, after exhausting their administrative remedies. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

---

[1] Green submitted extensive medical and educational records in support of his motion, which the court has reviewed. *See* ECF No. 339, 340, 341. These records reveal health conditions, such as hypertension and obesity, that may be properly treated within the prison environment and that do not in themselves provide an extraordinary and compelling basis for release.

Green exhausted his administrative remedies by submitting a request for compassionate release to the warden of his facility, which was denied on September 25, 2020. Therefore, the court may consider the merits of his motion. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

When reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

The only potentially applicable policy statement is set forth in U.S.S.G. § 1B1.13. The Sixth Circuit has determined that this policy statement applies only to motions brought by the BOP, not to those brought by incarcerated persons. Therefore, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary

and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111; *accord Elias*, 984 F.3d at 519-20.

Courts have found the "extraordinary and compelling" prong is satisfied as a result of the COVID-19 pandemic, the increased risk of contracting the virus in prison, and underlying health conditions that create the danger for severe complications if a defendant is infected. *See, e.g.*, *United States v. Mitchell,* 2020 WL 3972656, at *3 (E.D. Mich. July 14, 2020) (Type 2 diabetes and hypertension, in conjunction with COVID-19 pandemic, constituted extraordinary and compelling reasons); *United States v. Hargrove*, 2021 WL 509905, at *2 (E.D. Mich. Feb. 11, 2021) (heart failure, type 2 diabetes, and severe obesity, among other ailments). *See also United States v. Bass*, 2021 WL 476467, at *1 (6th Cir. Feb. 5, 2021) ("A defendant whose medical conditions increase his risk of severe illness may be able to demonstrate extraordinary and compelling reasons supporting release.").

Currently, there are two reported cases of COVID-19 at McKean FCI among inmates and one case among staff.[2] Moreover, Green has already contracted COVID-19 and has avoided hospitalization or severe complications, undermining a finding of extraordinary and compelling

---

[2] https://www.bop.gov/coronavirus/ (last accessed August 23, 2021).

reasons for his release. *See, e.g., United States v. Stephens*, 2020 WL 5769125, at *6 (E.D. Mich. Sept. 28, 2020) ("[M]any courts have held that where a defendant has contracted COVID-19 and recovered, his health condition is not extraordinary and compelling."); *United States v. West*, 2020 WL 5520929, at *2 (E.D. Tenn. Sept. 14, 2020) (positive COVID-19 test rendered prisoner's motion "moot"); *United States v. Risley*, 2020 WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020) ("Courts generally find that the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release."). According to the CDC, cases of COVID-19 reinfection have been reported "but remain rare."[3] Another positive development that counsels against compassionate release is that the BOP is currently vaccinating inmates and staff, and has administered more than 210,000 doses of vaccine.[4] As of August 23, 2021, 27 staff members and 644 inmates at McKean FCI have been fully vaccinated against COVID-19, reducing Green's risk of reinfection. *Id.*

Accordingly, Green's health conditions and the risk of contracting COVID-19 do not constitute extraordinary and compelling reasons for his release. Likewise, his mother's health and his commendable efforts at

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.

[4] https://www.bop.gov/coronavirus/ (last accessed August 23, 2021).

rehabilitation do not present extraordinary and compelling reasons. The court appreciates Green's concern for this mother's heath and his desire to care for her; however, such circumstances and do not establish an extraordinary and compelling reason, particularly when a defendant does not establish that his family member is incapacitated and that he is the only potential caregiver. *See United States v. Cole*, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021); *United States v. Cruz-Rivera*, 2020 WL 5993352, at *5 (E.D. Pa. Oct. 9, 2020) ("A family member's illness, absent incapacitation or death, is not enough to constitute an extraordinary and compelling family circumstance."). Further, Green's efforts at rehabilitation, while laudable, do not in themselves support release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Green mentions in passing that the Sixth Circuit "law for career offender has changed," but he does not develop this argument, other than to cite *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc). In *Havis*, the Sixth Circuit held that a Tennessee conviction for attempted sale of drugs was not a "controlled substance offense" under the sentencing guidelines, because "attempt crimes do not qualify as controlled substance offenses." *Id*. *Havis* does not assist Green, however, because

the prior convictions that served as the basis for his career offender designation occurred under Michigan law, not Tennessee law. *See United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020), *cert. denied*, 2021 WL 78377 (U.S. Jan. 11, 2021) (distinguishing *Havis* and holding that convictions for delivery and possession with intent to deliver controlled substances under Michigan law are controlled substances offenses under the sentencing guidelines). Green's Michigan convictions for delivery of cocaine and marijuana are controlled-substance offenses under the career offender guidelines. *Id.*; *see also* ECF No. 327 (order denying Green's motions to vacate sentence). *Havis* does not reflect a change in the law that is applicable to him or provide an extraordinary and compelling basis for a sentence reduction.

## CONCLUSION

Green has not articulated extraordinary and compelling reasons that would justify compassionate release under 18 U.S.C. § 3582(c)(1)(A). Therefore, IT IS HEREBY ORDERED that Green's motion (ECF No. 331) is DENIED.

Dated: August 26, 2021

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 26, 2021, by electronic and/or ordinary mail and also on Christopher Green #42181039, McKean Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701.

s/B Sauve
Deputy Clerk