UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                     Case No. 07-20411

v.

                                     Hon. George Caram Steeh

CHRISTOPHER GREEN,

        Defendant.

_____/

ORDER DENYING MOTION TO AMEND OR
CORRECT PRESENTENCE REPORT (ECF NO. 349)

Defendant Christopher Green, who was sentenced on November 24, 2008, has moved for the correction of alleged errors in his presentence report (PSR). The court sentenced Green as a career offender to 230 months of incarceration. At the time of sentencing, Green had no objections to the PSR. ECF No. 137 at PageID 359-60. Approximately fourteen years later, Green argues that his criminal history points are incorrect, resulting in a higher security classification and his exclusion from certain prison programs. Green does not challenge his conviction or the duration of his sentence.

- 1 -

Once a defendant has been sentenced, the court lacks jurisdiction to consider objections to a presentence report. *United States v. Dancy*, No. 04-80335, 2012 WL 1970116, at *2 (E.D. Mich. June 1, 2012) ("Courts uniformly hold that once the district court imposes sentence, it lacks jurisdiction under Rule 32 to hear challenges to a presentence report."); *United States v. Sarduy*, 838 F.2d 157 (6th Cir. 1988). *See also United States v. Rich*, No. 17-20032, 2021 WL 2935247, at *1 (E.D. Mich. July 13, 2021) ("[T]he alleged error in the presentence report is not a 'clerical error' that can be corrected under Fed. R. Crim. P. 36.").[1]

Because the court lacks jurisdiction to consider objections to his presentence report, Green's motion to amend or correct the presentence report (ECF No. 349) is DENIED.

Dated:  October 7, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Green challenges his security classification, it is "well established" that such challenges are "conditions of confinement" claims "which may only be asserted in a civil rights action under 28 U.S.C. § 1331" rather than by motion in his criminal case. *Owen v. Sepanek*, 2014 WL 6610169, at *3 (E.D. Ky. Nov. 19, 2014); *Simmons v. Curtin*, 2010 WL 5279914, at *1 (E.D. Mich. Dec. 17, 2010); *Mescall v. Hemingway*, 2021 WL 4025646, at *1 (6th Cir. Apr. 7, 2021) ("In general, prisoners challenging the conditions of their confinement must do so through a civil rights action.").

- 3 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 7, 2022, by electronic and/or ordinary mail and also
on Christopher Green #42181039, McKean
Federal Correctional Institution, Inmate Mail/Parcels,
P.O. Box 8000, Bradford, PA 16701.


s/Brianna Sauve
Deputy Clerk